Condominium Law Group, PLLC
10310 Aurora Ave. N.
Seattle, WA 98133
Tel: (206) 633-1520
Fax: (206) 633-1521

Judge: Dore
Chapter 7
Hearing Date: 7/26/2019
Hearing Time: 9:30 a.m.
Location Seattle

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF WASHINGTON AT SEATTLE

In re:

El-lo-wee Condominium Association,

　　　Debtor.

Case No. 19-10026-TWD
Chapter 7

DEBTOR'S RESPONSE TO WRIGHT-WAPATO, INC'S OMNIBUS OBJECTION TO CLAIM NOS. 1,2,4-61-66,68,76 AND SUBJOINED DECLARATION OF COUNSEL

COMES NOW El-lo-wee Condominium Association, ("Debtor"), by and through counsel undersigned, and responds to Wright-Wapato, Inc.'s ("WW") Omnibus Objection to Claims Nos. 1,2,4-61,66,67-76 (ECF Dkt, 42, "Objection") and Declaration of Scott Hutchinson in Support of Claims Objections (ECF Dkt. 44, "Hutchinson Declaration") as follows:

## **BACKGROUND FACTS**

The Objection takes issue with the proofs of claim (ECF Claim Nos. 1,2,4-61-66,68,76) filed by individuals (Individually, "Claimant," collectively, "Claimants") who own a fractional share(s) of the leasehold interest in the El-lo-wee Condominiums ("Property").

Debtor came into existence with the recording of the Declaration of Covenants, Conditions and Restrictions for El-lo-wee, a Horizontal Property Regime on April 6, 1977 in Chelan County, Washington, Chelan County Document No. 771210; this was

Response to Objection to Claims
Page 1 of 5

Condominium Law Group, PLLC
10310 Aurora Ave. N.
Seattle, WA 98133
Tel: (206) 633-1520

Case 19-10026-TWD    Doc 48    Filed 07/19/19    Ent. 07/19/19 11:16:44    Pg. 1 of 5

amended by the recording of the Amended Declaration of Covenants, Conditions and Restrictions for El-lo-wee, A Horizontal Property Regime on May 13, 1980 under Chelan County Document No. 812901 ("Declaration'). See Exhibit A, a true and correct copy of the Declaration recorded on May 13, 1980, under Chelan County Document No. 812901.

Section I of the Declaration defines "Condominium Assessment" as the owner's pro rata share of Common Expenses of the Condominium, it is not defined as revenue or income. See Exhibit A.

Section I of the Declaration defines "Time Share Unit" as a one-twelfth (1/12) factional interest in a unit within the Property. See Exhibit A.

Section 4.02 of The Declaration states that owners have the right to sell or convey their property interest. See Exhibit A.

Section 11.01 of the Declaration states that assessments are paid in advance. See Exhibit A.

Timeshare Regulation was first enacted in Washington State pursuant to RCW 64.36 in 1983 ("Timeshare Act")

**Argument**

The Declaration defines "Time Share Unit" as a 1/12 fractional interest of a unit of the Property; this is distinguishable from modern time shares created after enactment of RCW 64.36, the statute which governs present-day time shares.

Despite the use of the term "Time Share" in the Declaration, these are not time share units, they are one-twelfth shares of ownership of individual condominium units.

Per the Declaration, Debtor is a condominium and subject to RCW 64.32, the Horizontal Property Regimes Act ("Condominium Act"), all Claimants are subject to both the Declaration and the Condominium Act.

Since the Declaration was recorded prior to creation of the Time Share Act, Claimants must be considered unit owners who own a fractional share of WW's leasehold interest in the Property; the objection mischaracterizes Claimants as Time Share Owners. Claimants are really fractional owners of the condominium units.

Response to Objection to Claims
Page 2 of 5

Condominium Law Group, PLLC
10310 Aurora Ave. N.
Seattle, WA 98133
Tel: (206) 633-1520

Case 19-10026-TWD    Doc 48    Filed 07/19/19    Ent. 07/19/19 11:16:44    Pg. 2 of 5

Pursuant to Section XI of the Declaration, Claimants are required to pay assessments to Debtor to cover Common Expenses; Section I of the Declaration defines Common Expenses as including: costs for maintenance, repair, replacement remodeling of the common area facilities and buildings ("Assessments").

Section 11.01 of the Declaration states that common expenses are to be paid in advance. The funds held by Debtor represent prepaid common expenses from each fractional owner.

RCW 64.34.010 governs the Applicability of the RCW 64.34 which holds that RCW 64.34.268(1) through (7) and (10) applies to all condominiums created in Washington prior to July 1, 1990. *RCW 64.34.010(1)*

RCW 64.34.268(6) states that:

> Following termination of the condominium, the proceeds of any sale of real property, together with the assets of the association, are held by the association as trustee for unit owners and holders of liens on the units and creditors of the association as their interests may appear. No such proceeds or assets may be disbursed to the owners until all of the creditors of the association have been paid or provided for. *RCW 64.34.268(6)*

RCW 64.34.268(6) applies to Debtor. Debtor shall be effectively terminated upon completion of the immediate chapter 7 proceeding, in turn, Claimants are entitled to disbursement after Debtor's genuine creditors have been provided for.

Per Debtor's sworn Schedule B, Debtor held a total of $174,377.86 among its Checking and Savings accounts as of the date this case was filed. (ECF Dkt. No. 1) This amount was completely funded by assessments paid by Claimants to cover the Common Expenses incurred by Debtor and pursuant to Section XI of the Declaration.

When Debtor petitioned this Court for relief on January 7, 2019, all prospective plans for maintenance, repair, replacement remodeling of the common area facilities and buildings were terminated and Claimants would no longer receive the benefit which their $174,377.86 in assessments were intended to pay for.

Response to Objection to Claims
Page 3 of 5

Condominium Law Group, PLLC
10310 Aurora Ave. N.
Seattle, WA 98133
Tel: (206) 633-1520

Case 19-10026-TWD    Doc 48    Filed 07/19/19    Ent. 07/19/19 11:16:44    Pg. 3 of 5

The Objection relies on the Articles of Incorporation as a basis for the denying any form of refund to Claimants, specifically Article IV by stating, "This Association does not contemplate pecuniary gain or profit to the members thereof, no dividends shall be paid and no part of the income of the Association shall be distributed to its members." See Exhibit D to Hutchinson Declaration. This provision in the Articles of Incorporation was drafted in 1980 and was superseded by the 1980 statute, RCW 64.34.268, which controls distribution of remaining assets.

Claimants are not seeking dividend or distribution of incomes as asserted by WW, but a refund for amounts paid which will no longer be used as they were intended. Article IV goes on to say that the specific purpose of any income is to, ". . . provide for maintenance, preservation, operation and control of the Condominium known as El-lo-wee." *Id.*

As of the petition date, Debtor is no longer engaged in maintaining, preserving or operating the El-lo-wee Condominium Association and funds paid by Claimants will not be used for that purpose. Claimants are not seeking a dividend or profits, but the return of funds paid in advance for common expenses that will not occur.

The Objection also relies on Article XIV, specifically the provision that upon dissolution, Debtors assets are to be conveyed to another non-profit corporation; again, this was superseded by RCW 64.34.268 which now controls. *Id.*

Debtor has sought relief under 11 U.S.C. Chapter 7, accordingly, the Chapter 7 Trustee shall distribute property of the manner described in 11 U.S.C. §726 which may or may not coincide with Article XIV.

WHEREFORE, Debtor respectfully requests that this Court deny WW's Omnibus Objection to Claims Nos. 1,2,4-61,66,67-76 at this time and for such other and further relief as is just and proper under the circumstances of the case.

///
///
///

Response to Objection to Claims
Page 4 of 5

Condominium Law Group, PLLC
10310 Aurora Ave. N.
Seattle, WA 98133
Tel: (206) 633-1520

DATED: July 17, 2019.

CONDOMINIUM LAW GROUP, PLLC

By: /s/ *Brett C. Masch*
Brett C. Masch, WSBA 43851
Of Attorneys for Debtor

**SUBJOINED DECLARATION OF COUNSEL**

Brett C. Masch declares under penalty of perjury of the laws of the United States of America as follows:

1. I am over the age of eighteen, competent to give testimony in this matter and have personal knowledge regarding the matters set forth in this Declaration.
2. I am an attorney at Condominium Law Group, PLLC ("CLG"), attorneys for Debtor El-lo-wee Condominium Association ("Association").
3. I have full access to CLG's business records as they pertain to this matter.
4. The statements set forth in the above response are based on my review of CLG's records and are true and correct to the best of my knowledge.
5. Attached hereto as Exhibit A is a true and correct copy of the Amended Declaration of Covenants, Conditions and Restrictions for El-lo-wee, A Horizontal Property Regime, recorded on May 13, 1980, under Chelan County Document No. 812901

DATED this 17th day of July 2019.

/s/ *Brett C. Masch*
Brett C. Masch, WSBA No. 43851

Response to Objection to Claims
Page 5 of 5

Condominium Law Group, PLLC
10310 Aurora Ave. N.
Seattle, WA 98133
Tel: (206) 633-1520

Case 19-10026-TWD    Doc 48    Filed 07/19/19    Ent. 07/19/19 11:16:44    Pg. 5 of 5