HILLIS CLARK MARTIN & PETERSON P.S.
999 Third Avenue, Suite 4600
Seattle, WA 98104
Tel: (206) 623-1745
Fax: (206) 623-7789

Attorneys for Wapato Entities

Hon. Timothy W. Dore
Chapter: 7
Location: Seattle
Hearing Date: July 26, 2019
Hearing Time: 9:30 a.m.

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

In re:

EL-LO-WEE CONDOMINIUM ASSOCIATION,

        Debtor.

Case No. 19-10026-TWD

**WRIGHT-WAPATO'S REPLY IN SUPPORT OF OBJECTION TO CLAIM NOS. 1, 2, 4-61, 66, 68-76**

## I. INTRODUCTION

None of the time-share unit sublessees (collectively, the "**Claimants**") who filed proofs of claim oppose Wright-Wapato's objection. Instead, curiously, the debtor demurred. A Chapter 7 debtor lacks standing to defend one set of claims against an objection by a different creditor.[1] Moreover, the debtor's argument supports—rather than opposes—Wright-Wapato's objection. The debtor insists the Claimants have an equity-type interest in the estate's assets. While equity-interest holders may file proofs of <u>interest</u>, only creditors may file proofs of <u>claim</u>. At most, the Claimants are equity. Their proofs of claim are invalid as a matter of law. The Court should disallow Claim Nos. 1, 2, 4-61, 66, and 68-76 (collectively, the "**Claims**").

---

[1] This odd situation also raises questions about the use of estate resources and conflicts of interest. Wright-Wapato reserves the right to object to any fee application by debtor's counsel for work associated with the debtor's brief.

REPLY IN SUPPORT OF OBJECTION TO
CLAIM NO. 1, 2, 4-61, 66, AND 68-76 - 1

HILLIS CLARK MARTIN & PETERSON P.S.
999 Third Avenue, Suite 4600
Seattle, WA 98104
Tel: (206) 623-1745
Facsimile: (206) 623-7789

Case 19-10026-TWD    Doc 51    Filed 07/23/19    Ent. 07/23/19 10:43:46    Pg. 1 of 3

## II. AUTHORITY AND ARGUMENT

**A. The debtor lacks standing to defend the Claims.**

As an initial matter, the debtor has no standing to defend the Claims. Standing is limited to parties "directly and adversely affected pecuniarily by an order of the bankruptcy court." *Fondiller v. Robertson (In re Fondiller)*, 707 F.2d 441, 442 (9th Cir. 1983). Based on this principle, Chapter 7 debtors ordinarily lack standing in the claims-adjudication process because the resolution of claims objections does "not diminish the debtor's property, increase [its] burdens, or detrimentally affect [its] rights." *Id*. Courts recognize two exceptions to this rule: (1) where disallowance would yield a surplus and "give the chapter 7 debtor a pecuniary interest;" or (2) where a claim would not be dischargeable. *In re Wellman*, 378 B.R. 416 (B.A.P. 9th Cir. 2007); *In re Cherne*, 514 B.R. 616, 621 (Bankr. D. Idaho 2014). Both exceptions recognize that in these narrow circumstances, the debtor has something to gain from objecting.

There is no conceivable pecuniary benefit from *defending* a set of purported claims against an objection by a competing creditor. Indeed, the debtor here has acted against its own interests by advocating for a larger pool of unsecured creditors. The debtor's response is odd to say the least. Ultimately, the debtor simply lacks standing to demur to Wright-Wapato's claim objection.

**B. Equity-interest holders are not entitled to file proofs of claim.**

The debtor's substantive argument is equally unavailing. The Bankruptcy Code is clear that only a "creditor or an indenture trustee may file a proof of claim." 11 U.S.C. § 501(a). The debtor insists have an ownership interest in the underlying real property:

> Claimants must be considered unit owners who own a fractional share of [Wright-Wapato's] leasehold interest in the Property; the objection mischaracterizes Claimants as Time Share Owners. Claimants are really fractional owners of the condominium units.

(Debtor's Resp., ECF Dkt #48, at 2). The distinction on which the debtor focuses is irrelevant here; what matters is that the debtor agrees the Claimants' interests are an equity-ownership

REPLY IN SUPPORT OF OBJECTION TO
CLAIM NO. 1, 2, 4-61, 66, AND 68-76 - 2

**HILLIS CLARK MARTIN & PETERSON P.S.**
999 Third Avenue, Suite 4600
Seattle, WA 98104
Tel: (206) 623-1745
Facsimile: (206) 623-7789

Case 19-10026-TWD    Doc 51    Filed 07/23/19    Ent. 07/23/19 10:43:46    Pg. 2 of 3

interest. The debtor confirms this view later, when it agrees asserts that the Claimants are entitled to a pro rata share of whatever assets remain after creditors are paid:

> Claimants are entitled to disbursement after Debtor's genuine creditors have been provided for.

(*Id*. at 3). In support of these arguments, the debtor cites RCW 64.34.268(6), which explicitly bars distributions to unit owners until creditors have been paid:

> Following termination of the condominium, the proceeds of any sale of real property, together with the assets of the association, are held by the association as trustee for unit owners and holders of liens on the units and creditors of the association as their interests may appear. **No such proceeds or assets may be disbursed to the owners until all of the creditors of the association have been paid or provided for.**

(emphasis added). In pressing this point, the debtor concedes the Claimants are something other than "genuine creditors." The debtor is correct in this regard. The Claimants are not creditors; they are equity. "An equity security holder may file a proof of interest." 11 U.S.C. § 501(a). Their proofs of claim, however, should be disallowed.

### III.  CONCLUSION

The Court should disallow Claim Nos. 1, 2, 4-61, 66, and 68-76. None of the Claimants opposed Wright-Wapato's claim objection. The debtor has no standing to defend the Claims, and the debtor's opposition brief concedes the Claimants have an equity-type interest in the estate.

DATED this 23rd day of July, 2019.

HILLIS CLARK MARTIN & PETERSON P.S.

By /s/ Amit D. Ranade
　　Josh A. Rataezyk, WSBA #33046
　　Amit D. Ranade, WSBA #34878
　　999 Third Avenue, Suite 4600
　　Seattle, WA  98104
　　Tel: (206) 623-1745
　　Fax: (206) 623-7789
　　josh.rataezyk@hcmp.com
　　amit.ranade@hcmp.com
Attorneys for Wapato Entities

ND: 10130.378 4843-7279-5549v1

REPLY IN SUPPORT OF OBJECTION TO CLAIM NO. 1, 2, 4-61, 66, AND 68-76 - 3

HILLIS CLARK MARTIN & PETERSON P.S.
999 Third Avenue, Suite 4600
Seattle, WA  98104
Tel: (206) 623-1745
Facsimile: (206) 623-7789

Case 19-10026-TWD    Doc 51    Filed 07/23/19    Ent. 07/23/19 10:43:46    Pg. 3 of 3